UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RUCEO PORTOCARRERO,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-40207-DJC |
| **JEFF GRONDOLSKY, Warden,** | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                          **January 4, 2013**

### I.   Introduction

Petitioner Ruceo Portocarrero ("Portocarrero"), now a prisoner at FMC-Devens, has filed a writ of habeas corpus ("Petition") pursuant to 28 U.S.C § 2241 alleging, in essence, that the federal district court, District of the Middle District of Florida, before which he pled guilty and was sentenced, lacked subject matter jurisdiction over his case and, accordingly, his conviction and sentence are invalid.  Respondent Jeff Grondolsky, Warden of FMC-Devens, opposes the Petition, arguing that a § 2241 petition is the improper vehicle for Portocarrero's claims and the relief that he seeks.  For the reasons set forth below, the Petition is DENIED.

### II.   Factual and Procedural Background

On May 12, 2005, a grand jury sitting in the Middle District of Florida indicted Portocarrero and seven co-defendants with conspiracy to possession with intent to distribute cocaine (Count I) and possession with intent to distribute cocaine (Count II).  Exh. 1-2 to D. 9. The charges arose out of the interdiction of a vessel, the OFY captained by Portocarrero, on May

1

6, 2005, approximately 450 nautical miles off of the coast of Colombia. Exh. 3 to D. 9. The OFY was flying under a Colombia flag and had marking of registration. Id. The U.S. Coast Guard received permission from the Colombian government to board the OFY. Id. Once aboard, the Coast Guard searched the vessel and, in a hidden compartment, found 230 bales (approximately 4300 kilograms) of what was tested to be cocaine. Id. On June 14, 2005, Portocarrero entered a guilty plea to these charges. Exh. 2 to D. 9. At the plea hearing, he was represented by counsel, a Spanish interpreter was present and Court concluded that the United States had established a factual basis on the record for his guilty plea. Id. The court accepted the plea. Id. The court later sentenced Portocarrero to a term of imprisonment of 135 months. Id.

Portocarrero timely appealed his conviction. Id. The Eleventh Circuit affirmed his conviction on May 17, 2006. United States v. Portocarrero, 182 Fed. Appx. 889 (11th Cir. 2006). In so doing, the appellate court rejected, among other arguments, Portocarrero's claim that the district court had lacked subject matter jurisdiction over his case because the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional. Id. at 892-93. Since he did not file a petition for certiorari to the Supreme Court, the judgment of conviction became final ninety days after the entry of the judgment by the Eleventh Circuit on June 15, 2006. D. 9-1 at 27; Clay v. United States, 537 U.S. 522, 525 (2003); Sup. Ct. R. 13.1.

Portocarrero filed the Petition in this Court on November 17, 2009. D. 1. In this § 2241 Petition, he challenges the legality of his conviction and sentence. D. 1. Specifically, he argues that the district court lacked subject matter jurisdiction over his case; that he, a Colombian national, was prevented from contacting his consulate, which resulted in a guilty plea that was not knowing and voluntary since such contact would have revealed the court's lack of subject

matter jurisdiction and he claims, without further elaboration, that he is "actually innocent" of the charges. D. 1 at 3-5.

## III. Discussion

### A. The Court Lacks Subject Matter Jurisdiction Over the Petition

Although the instant Petition, filed by Portocarrero *pro se*, is captioned and styled as a petition under 28 U.S.C. § 2241 (and he took pains in the Petition to note that it is not a § 2255 petition and should not be treated as such by the Court, D. 1 at 1), the relief he seeks is not in the nature of a § 2241 petition. Section 2241 petitions are directed at the execution of a sentence, not the imposition of such sentence. See United States v. Barrett, 178 F.3d 34, 50 & n. 10 (1st Cir. 1999). The latter category falls under § 2255:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Here, where Portocarrero challenges the jurisdiction of the court of his conviction—i.e., the legality of his conviction and his subsequent sentence and seeks to vacate that sentence as a remedy, this petition falls with framework of 28 U.S.C. § 2255. "[Section] 2241 is not available to [the petitioner] in this case because he is not contesting the conditions of his confinement." United States v. Palmer-Contreras, 187 F.3d 624, 1998 WL 108786, at *1 (1st Cir. 2008) (citing Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977)); see Barrett, 178 F.3d at 50 n. 10; see also Krilich v. Winn, No. 04-cv-40111-DPW, 2004 WL 2931265, at *1 (D. Mass. December 20, 2004).

The saving provision of § 2255 does not aid the Petition. Although after First Circuit's ruling in Barrett, 178 F.3d at 50, a § 2241 petition may go forward as a challenge to a conviction and sentence under the "saving" provision of § 2255, 28 U.S.C. § 2255(e) (providing that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*") (emphasis added), "[c]ourts only allow recourse to the savings clause 'in rare and exceptional circumstances,' such as those where the restrictions on § 2255 motions would result in a 'complete miscarriage of justice'" Dillon v. Grondolsky, No. 12-cv-40082-TSH, 2012 WL 3139001, at *6 & n. 10 (D. Mass. July 31, 2012) (quoting Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008)); see Barrett, 178 F.3d at 38. The burden is on Portocarrero to show that § 2255 is inadequate or ineffective remedy to challenge his detention, Gonzalez v. United States, 135 F. Supp. 2d 112, 121 (D. Mass. 2001), and he has made no such showing. See, e.g., Barr v. Sabol, 686 F. Supp. 2d 131, 137 & n. 5 (D. Mass. 2010) (ruling that "[p]etitioner has failed to allege any facts or circumstances which would bring this claim within Section 2244's savings clause and therefore, this action is not cognizable under Section 2241 and should be dismissed"). The petitioner has previously made prior, unsuccessful attempt to get relief from his conviction and sentence (in his direct appeal); and he raises no claim of actual (factual) innocence.[1] Moreover, that Portocarrero, who filed the instant Petition well after the

---

[1] Portocarrero asserts that his custody is unlawful and that he is "actually innocent of the allegations, as charged, and that his custody is unlawful, due to lack of subject matter jurisdiction by the United States of America, invoking the [MDLEA]." D. 1 at 3-4. However, he cites no new facts or evidence to establish that he is actually innocence. "Actual innocence means 'factual innocence, not mere legal insufficiency.'" Carrera v. Grondolsky, 2012 WL

one-year limitation under AEDPA for a 2255 petition, "may now be barred from filing a Section 2255 petition under the statute's one-year statute of limitations does not make Section 2255 inadequate or ineffective" for the purposes of this analysis. Heredia v. Grondolsky, No. 12-cv-11201-RGS, 2012 WL 5932061, at *3 (D. Mass. Nov. 26, 2012).

Although it may be appropriate, in certain circumstances, for a court to construe a § 2241 Petition filed by a petitioner as a § 2255 petition, it is not appropriate for the Court to do so here. Simply put, this Court does not have jurisdiction over a § 2255 petition from Portocarrero where he was sentenced in another federal district. Gonzalez, 150 F. Supp. 2d at 245 and case cited. Moreover, as previously noted, Portocarrero has expressly requested that the Court construe the Petition as one under § 2241 and not § 2255. Id. For these reasons, the Court declines to do so and does not reach the merits of the Petition.[2]

## IV. Conclusion

For the foregoing reasons, the Court DENIES the Petition and DISMISSES this action.

**So ordered.**

/s/ Denise J. Casper
U.S. District Judge

---

1035240, at *4 (D. Mass. March 9, 2012) (quoting Bousley v. United States, 523 U.S. 614, 623 (1995)), adopting report and recommendation, 2012 WL 1032451 (March 26, 2012). At base, Portocarrero's claim is not about factual innocence, but about the legal issue of a "jurisdictional defect, " D. 1 at 5, 11, in his prosecution in the Middle District of Florida. See Barr, 686 F. Supp. 2d at 136 (denying 2241 petition where claim of innocence as not one of being "actually innocent of the crime," but an assertion "that because his two firearm convictions arose out of the same conspiracy, he should not have been subjected to a mandatory twenty year sentencing enhancement").

[2] In a single paragraph of the Petition, Portocarrero complains about the "insertion of a dialysis fistula in his arm" without medical cause for same. D. 1 at 13. To the extent that this assertion rises to the level of a claim about the adequacy of his medical care in custody, it is at least debatable whether the proper vehicle for raising this challenge, as opposed to one aimed at the fact or length of confinement, is a civil rights action and not a habeas petition. See Crooker v. Grondolsky, No. 12-cv-12024, 2012 WL 5416422, at *1 (D. Mass. Nov. 1, 2012); Sanchez v. Sabol, 539 F. Supp. 2d 455, 459 (D. Mass. 2008). However, even if a § 2241 petition was the proper vehicle for this claim, the petitioner must exhaust administrative remedies first and there is no suggestion that Portocarrero has done so here. Dunbar v. Sabol, 649 F. Supp. 2d 1, 3 (D. Mass. 2009) (citing Sayyah v. Farquharson, 382 F.3d 20, 24 (1st Cir. 2004)); see Rogers v. United States, 180 F.3d 349, 358 & n. 16 (1st Cir. 1999).